UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MORDECHAI GRINBERGER, on behalf of himself and all others similarly situated,<br><br>       Plaintiff,<br><br>            -against-<br><br>UNITED COLLECTION BUREAU, INC.,<br><br>       Defendant. | Civil Action Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff MORDECHAI GRINBERGER ("Plaintiff"), a New York resident, bring this class action complaint by and through his attorneys, Varacalli & Hamra, LLP, against Defendant UNITED COLLECTION BUREAU, INC. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## NATURE OF THE ACTION

1. Plaintiff brings this class action on behalf of a class of consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the "FDCPA," which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

3. Plaintiff is seeking damages, and declaratory and injunctive relief.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events

or omissions giving rise to the claim occurred in this Judicial District.

6. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

7. Plaintiff is an individual who is a citizen of the State of New York.

8. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

9. On information and belief, Defendant is a corporation with a principal place of business in Toledo, OH.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

13. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

- The class consists of all persons whom Defendant's records reflect were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about March 6, 2018 ; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to the CHASE BANK ("Creditor"); and (b) the collection letter was not returned by the postal service as undelivered; (c) and Plaintiff asserts that the letter contained violations of the FDCPA.

- The Class period begins one year to the filing of this Action.

14. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from

Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and have retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to

suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

### ALLEGATIONS SPECIFIC TO MORDECHAI GRINBERGER

15. Defendant alleges Plaintiff owes a debt ("the debt").

16. The debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

17. The debt was incurred on a credit card.

18. The debt was incurred on a credit card issued by Creditor.

19. Sometime after the incurrence of the debt Plaintiff allegedly fell behind on payments owed.

20. Thereafter, at an exact time known only to Defendant, the debt was assigned or otherwise transferred to Defendant for collection.

21. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the letter") dated March 6, 2018. ("**Exhibit A**.")

22. The letter states that the balance is "Account Balance: $9,581.05."

23. The letter states, "If you are interested in a reduction of the balance, we are authorized to offer you a settlement for $4,311.47. We are not obligated to renew this offer.

24. The letter was the initial communication Plaintiff received from Defendant.

25. The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

### Count I & II
### Violations of 15 U.S.C. §§ 1692g, 1692e

26. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "25" herein with the same force and effect as if the same were set forth at length herein.

27. Section 1692g(a) of the FDCPA requires a debt collector to provide a consumer with a Validation Rights Notice; herein after referred to as the "Notice." The Notice provides information about the alleged debt and a consumer's rights as more specifically set forth in

    subsections (a)(1)-(5) as follows: (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

28. This Notice is an important statutory right which must be effectively and clearly conveyed to the consumer.

29. The Notice must be sufficiently prominent to be readily noticed. It cannot be overshadowed by its placement, nor by other language or notices in the letter.

30. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

31. When determining whether the amount of debt owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

32. The letter states "If you are interested in a reduction of the balance, we are authorized to offer you a settlement for $4311.47. We are not obligated to renew this offer."

33. This is the first letter received by Plaintiff, and the letter includes the validation rights.

34. This letter does not otherwise provide a settlement expiration date.

35. This letter fails to indicate whether payment of the amount stated by any date certain would satisfy the debt.

36. Based upon the foregoing, the least sophisticated consumer could believe that they must pay the offer immediately, or risk losing the offer, which overshadows the required 30-day period to dispute the validity of the debt.

37. Based upon the foregoing, the consumer could pay the "settlement" amount, only to find out that the "settlement offer" has expired, and that the remaining balance is still due.

38. Based upon the foregoing, the least sophisticated consumer would read the offer with its warning that it is not obligated to renew and read the 30 day notice to dispute and reasonably believe that if this offer isn't accepted within the 30 day dispute period, that Defendant would not renew that offer.

39. Based upon the foregoing, the least sophisticated consumer would believe that a choice had to be made, either to accept the offer or dispute the debt, and that if they dispute the debt the offer to settle for almost 50 percent of what is allegedly owed, would not be re-offered.

40. Based upon the foregoing, the least sophisticated consumer would be uncertain as to how he could satisfy the debt.

41. Based upon the foregoing, the least sophisticated consumer would be confused as to how he could satisfy the debt.

42. Based upon the foregoing, the least sophisticated consumer would be left to guess when the settlement offer expires.

43. Based on the foregoing, the least sophisticated consumer would not know if the balance as of the date of the letter is different at the time payment is to be made.

44. Defendant has violated §1692(g) by failing to state an expiration date for the settlement offer, which creates a false sense of urgency to pay the balance immediately, thereby overshadowing the required validation notice.

45. Because of this failure, the least sophisticated consumer would likely be confused and uncertain as to when to pay the debt.

46. Because of this failure, the least sophisticated consumer would likely be confused and uncertain as to the amount of the debt owed when paying.

47. Defendant violated §1692g as it failed to clearly, explicitly and unambiguously convey the amount of the debt.

48. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

49. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

50. While §1692e specifically prohibits certain practices, the list is non exhaustive and does not preclude a claim of falsity or deception based on any non-enumerated practice.

51. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

52. A collection letter is deceptive under §1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

53. Defendant violated §1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demand judgment against Defendant as follows:

a. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representatives, and Ibrahim Abohamra, Esq., as Class Counsel;

b. Awarding Plaintiff and the Class statutory damages;

c. Awarding Plaintiff and the Class actual damages;

d. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e. Awarding pre-judgment interest and post-judgment interest; and

f. Defendant from future collection activity that would lead to violations of the FDCPA, including use of the form letter as portrayed in Exhibit A; and

g. Awarding Plaintiff and the Class such other relief that the Court determines is just and proper.

Dated: July 23, 2018

                                    Respectfully submitted,

                                    By: /s/ *Ibrahim Abohamra*
                                    Ibrahim Abohamra, Esq.
                                    Varacalli & Hamra, LLP
                                    *Attorneys for Plaintiff*
                                    32 Broadway, Suite 1818
                                    New York, New York 10004
                                    (646) 590-0571

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: July 23, 2018

                                    Respectfully Submitted,
                                    By: /s/ *Ibrahim Abohamra*
                                    Ibrahim Abohamra, Esq.